# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY ALFORD,** <br>         **Plaintiff,** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-92** |
| **NOBLE DRILLING (U.S.), LLC,** <br> **OIL SERVICES, INC., ET. AL.** <br>         **Defendant** | **SECTION "E** |

## ORDER AND REASONS

Before the Court is Noble Drilling (U.S.), LLC ("Noble") and Offshore Oil Services, Inc.'s Motion to Dismiss.[1] For the reasons stated below, the Motion to Dismiss is DENIED.

## BACKGROUND

### A. Factual Background[2]

Plaintiff, Timothy Alford, filed this personal injury lawsuit against defendants Noble and Muchowich Offshore Oil Services, Inc. ("Offshore Oil Services") pursuant to the Jones Act, 46 U.S.C. § 30104, et seq., and General Maritime law. Plaintiff was employed by Noble as a Jones Act seaman aboard the PAUL RAMONO. Plaintiff alleges that he suffered severe and permanent injury to his knee during a personnel basket move from the PAUL RAMONO to a vessel owned by defendant Offshore Oil Services, Inc.

The instant Motion to Dismiss concerns plaintiff's failure to appear for an independent medical evaluation ("IME") which was scheduled by Noble with a psychiatrist, Dr. Richard Roniger. Two previous motions, Noble's Motion to Compel and Motion for

---

[1] R. Doc. 52.

[2] *See generally* R. Doc. 1.

1

Extension of Defendant's Expert Report Deadline (the "Motion for Extension"), likewise related to plaintiff's failure to appear for an IME, along with a functional capacity evaluation ("FCE") scheduled by Noble.[3] Those motions are discussed below.

## B. Procedural Background

### 1. The Motion to Compel and Magistrate Judge Roby's Order[4]

A functional capacity examination of plaintiff occurred on February 7, 2011. On or about March 7, 2012, Noble scheduled an additional FCE with its physical therapist, Trevor Bardarson. Plaintiff notified Noble that he would not attend the FCE. On March 2, 2012, plaintiff produced a Life Care Plan to Noble, which included a report by Dr. Shelly Savant of the Neuro Rehabilitation Center of Louisiana, in which she states that plaintiff suffers from anxiety and suggests that he be evaluated by a psychiatrist and psychotherapist.[5] In response, Noble scheduled an IME with Dr. Roniger for April 17, 2012. Plaintiff objected to the IME date, as it was after the April 2, 2012 expert report deadline. After Noble rescheduled the IME for March 19, 2012, plaintiff failed to appear for the IME. On March 22, 2012, Noble filed the Motion to Compel seeking an order from the Court requiring plaintiff to appear for a FCE and IME. The Motion to Compel was referred to Magistrate Judge Karen Wells Roby. It was heard with oral argument on March 28, 2012, and continued via telephone conference on March 30, 2012. Magistrate Judge Roby issued an oral order from the bench, and during the telephone conference, which is memorialized in

---

[3] *See* R. Docs. 29 and 32.

[4] *See generally* R. Docs. 29, 41, and 77.

[5] *See* R. Doc. 29-1 at p. 2 and R. Doc. 29-5.

her order dated May 17, 2012.[6]

First, Magistrate Judge Roby granted Noble's request that plaintiff be required to appear for a FCE with Noble's physical therapist, Trevor Bardarson, and ordered plaintiff to appear for a FCE on a date and at a time mutually agreed upon by the parties. The Court found that an FCE by Noble's physician was warranted because plaintiff placed his physical condition in controversy and provided Noble with good cause for an examination.

Second, Magistrate Judge Roby denied as moot Noble's request that plaintiff be required to appear for an IME with Dr. Roniger. Counsel for Noble argued that plaintiff had placed his psychiatric state in controversy by alleging that the personnel basket incident and his resulting injuries are the cause of his mental and emotional problems, and by submitting Dr. Savant's report. However, during the March 30 telephone conference, plaintiff's counsel informed Magistrate Judge Roby that plaintiff had agreed to withdraw his claims for psychological and/or emotional damages and to limit his claims to his alleged physical injuries and loss of income only. "Thus, any reports or testimony regarding his psychiatric and/or psychological issues is no longer necessary and would not be presented at trial. Accordingly, both parties agreed that Noble's request for an IME is moot."[7]

### 2. The Motion for Extension and Judge Lemelle's Order[8]

On March 22, 2012, Noble also filed the Motion for Extension, seeking an extension

---

[6] R. Doc. 77.

[7] *Id.* at p. 6. In Noble's supplemental memorandum (R. Doc. 80-3) in support of the Motion to Dismiss, Noble states that "Defendants... do not agree, and have never agreed, that their request for an IME with Dr. Richard Roniger is moot." Defendants assert that, independent of plaintiff's agreement to withdraw his claims, defendants are "entitled to present evidence of plaintiff's pre and post-accident drug use and emotional problems, including expert psychiatric testimony, all of which bear directly on the question of Plaintiff's future employability (and credibility)." R. Doc. 80-3 at p. 2.

[8] *See generally* R. Docs. 32, 40, and 47.

3

of the April 2, 2012 defendant expert report deadline to allow sufficient time for the re-scheduling of the requested IME and FCE and the subsequent issuance of expert reports. In opposition to the Motion for Extension, Plaintiff stated that if "this Court is of the opinion that defendant should be entitled to an FCE... [plaintiff] will forgo using the previous February 2011 FCE as evidence at the trial of this matter assuming such stipulation thereby makes the defendant's request for an FCE moot."[9] Plaintiff also "stipulated" that he would not call Dr. Savant or any other expert at trial to testify as to Mr. Alford's emotional or mental status or issues such as depression, mental anguish, etc. in regard to the accident. Further, plaintiff waived and struck any elements of damages for future expenses for psychological counseling.[10]

On April 2, 2012, Judge Lemelle entered an order granting the Motion for Extension in part "in order to have Plaintiff examined by Defendant's medical expert" and denying it in part "to [the] extent Defendant seeks an extension for a FCE provided Plaintiff provides an affidavit attesting his decision not to present [or] rely upon a prior FCE at trial."[11]

### 3. The Motion to Dismiss[12]

Following Judge Lemelle's April 2, 2012 order on the Motion for Extension, Noble scheduled an IME with Dr. Roniger for April 17, 2012, and plaintiff informed Noble that he would not attend. On April 11, 2012, defendants filed the Motion to Dismiss based on plaintiff's failure to appear for the IME. Defendants acknowledge that on March 30, 2012,

---

[9] R. Doc. 40 at p. 2.

[10] *Id.*

[11] R. Doc. 47 (emphasis in original).

[12] *See generally* R. Docs. 52, 67, 71, and 83.

Magistrate Judge Roby "stated that the motion to compel the FCE would be granted while the motion to compel the IME with Dr. Roniger would be denied." However, defendants assert that an "order on the motion to compel ha[d] not yet been issued" at the time the Motion to Dismiss was filed.[13] Further, defendants describe Judge Lemelle's April 2, 2012 order as "stating that Defendants were entitled to obtain the IME with Dr. Roniger but that Defendants were not entitled to the requested FCE."[14] It is defendants' position that plaintiff's failure to appear for the psychiatric IME "as required by the Court's Order of April 2, 2012" warrants dismissal of plaintiff's action.[15]

Plaintiff states that, when Noble indicated it was going to schedule Alford for a psychiatric evaluation, plaintiff's counsel immediately notified counsel for Noble that this was contrary to Magistrate Judge Roby's prior ruling and stated that plaintiff would attend the FCE provided Noble did not seek a psychiatric evaluation. However, counsel for Noble "disagreed and insisted that Mr. Alford submit to a psychiatric evaluation."[16] Plaintiff asserts that there is a conflict between Judge Lemelle's April 2 order and Magistrate Judge Roby's oral ruling that a psychiatric evaluation would be moot if plaintiff struck any claims

---

[13] R. Doc. 52-1 at p. 3. This is incorrect. Magistrate Judge Roby issued an oral order on the Motion to Compel during the March 28, 2012 hearing and March 30, 2012 telephone conference, which was memorialized in her written order on May 17, 2012. *See* R. Doc. 77.

[14] *Id.* Likewise, in its reply memorandum, defendants describe Judge Lemelle's April 2 order as "stating that (1) Plaintiff is to appear for an psychiatric IME and (2) Plaintiff is not required to undergo an FCE." R. Doc. 71 at p. 1. Thus, defendants characterize Judge Lemelle's April 2, 2012 Order as ruling not only on the Motion for Extension, but also on the Motion to Compel. This characterization is inaccurate. The Motion for Extension only requested that the defendant's expert report deadline be extended to allow sufficient time for the re-scheduling of the requested IME and FCE and issuance of reports; it did not request that the District Judge order plaintiff to submit to the requested IME and FCE. Indeed, Judge Lemelle's order explicitly ruled upon the Motion for Extension (R. Doc. 32) and made no mention of Noble's Motion to Compel (R. Doc. 29). The latter motion was before Magistrate Judge Roby.

[15] R. Doc. 52-1 at p. 1.

[16] R. Doc. 67 at p. 3.

of emotional damages and/or mental anguish. Plaintiff further asserts that the requested dismissal is an extreme, harsh remedy which is not appropriate in this case, because Judge Lemelle's order did not mention dismissal and "Judge Roby had previously issued a contrary decision."[17]

## ANALYSIS

In support of the Motion, defendants rely upon Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. Rule 37(b)(2)(A)(v) authorizes dismissal with prejudice when a party fails to comply with a discovery order.[18] Dismissal of a case may be ordered as a sanction for violating a discovery order only when the following conditions are met: 1) when the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; 2) when the violation of the discovery order is attributable to the client, as opposed to counsel; 3) when the non-compliant party's conduct substantially prejudices the opposing party; and 4) when a less drastic sanction would not substantially achieve the desired deterrent effect. *F.D.I.C. v. Conner,* 20 F.3d 1376, 1380-81 (5th Cir.1994) (citing *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir.1990)).

In this case, the above requirements for dismissal are not met. To the extent that plaintiff's decision not to appear for a psychiatric evaluation did not comply with Judge Lemelle's April 2, 2012 Order, the Court finds that there is no showing of a bad faith refusal to comply. To the contrary, the Court finds that in light of Magistrate Judge Roby's oral

---

[17] *Id.* at p. 4.

[18] Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides, in pertinent part, that, "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the issue is pending may ... dismiss[ ] the action or proceeding in whole or in part...."

6

ruling on March 30, 2012 denying as moot Noble's request that Alford be required to appear for a psychiatric IME, plaintiff's decision not to submit to such an evaluation was reasonable and in good faith. Further, there is no "clear record of delay or contumacious conduct" in this case. Plaintiff's decision not to submit to a psychiatric evaluation was likely the result of his effort to comply with Magistrate Judge Roby's oral ruling and/or some confusion as to the relationship between Judge Lemelle's order and Magistrate Judge Roby's oral ruling. In addition, plaintiff's failure to appear for a psychiatric evaluation is not attributable to the client but rather to plaintiff's counsel's understanding of Magistrate Judge Roby's oral ruling.

Finally, the Court concludes that no sanctions are necessary in this case in light of the potential confusion on plaintiff's part regarding the effect of Judge Lemelle's order relative to Magistrate Judge Roby's previous oral ruling. However, the Court hereby notifies the parties and counsel that in the future, should they have any questions regarding the meaning of a court order, they should file a motion for clarification of such order.

For all of the foregoing reasons, the Court finds that in the instant case, dismissal of this matter with prejudice under Rule 37 is not warranted. Accordingly,

**IT IS ORDERED** that the Motion be and hereby is **DENIED**.

**New Orleans, Louisiana, this** 31st **day of May, 2012.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**