# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY ALFORD,**<br>Plaintiff, | **CIVIL ACTION** |
| **VERSUS** | **No. 11-92** |
| **NOBLE DRILLING (U.S.), LLC,**<br>**OIL SERVICES, INC., ET. AL.**<br>Defendant | **SECTION "E** |

## ORDER AND REASONS

Before the Court is Noble Drilling (U.S.), LLC and Offshore Oil Services, Inc.'s Motion to Strike Witness/Sanctions.[1] For the following reasons, the motion is DENIED.

The Court's scheduling order required plaintiff to deliver his expert reports to defendants no later than March 2, 2012 and all depositions for use at trial to be taken no later than May 1, 2012.[2] Trial is scheduled to begin June 18, 2012. Defendants contend that the Court should strike plaintiff's marine safety expert, Robert Borison, as a witness because (1) Mr. Borison's report was received by defendant on April 13, 2012, after the expert report deadline; (2) Mr. Borison failed to comply with a subpoena to produce documents on or before May 10, 2012; and (3) plaintiff "ha[d] failed to respond to Defendants' repeated requests to depose Mr. Borison."[3] Defendants also seek costs and attorney's fees incurred in connection with the filing of the motion.

Rule 16(b) of the Federal Rules of Civil Procedure authorizes federal courts to control and expedite the discovery process through a scheduling order. Fed. R. Civ. P. 16(b). A

---

[1] R. Doc. 76.

[2] R. Doc. 24 at pp. 1-2.

[3] *See* R. Docs. 76 and 90.

court is given broad discretion in formulating sanctions for a violation of its scheduling or pre-trial orders. *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir.1996); *Geiserman v. MacDonald,* 893 F.2d 787, 790-791 (5th Cir.1990) ("Consistent with the authority vested in the trial court by rule 16, our court gives the trial court broad discretion to preserve the integrity and purpose of the pre-trial order.") (quotations omitted). An appellate court will review a district court's sanction for abuse of discretion only. 6A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1531 (3d ed. 1998).

The Fifth Circuit examines four factors to determine whether a court committed an abuse of discretion in excluding expert testimony as a sanction for a violation of a discovery order: (1) the explanation, if any, for the party's failure to comply with the scheduling order; (2) the prejudice to the opposing party; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses and exhibits. *See Barrett,* 95 F.3d at 380; *Geiserman,* 893 F.2d at 791.

The Court finds that the above factors weigh against excluding Mr. Borison's testimony at trial due to plaintiff's late production of Mr. Borison's expert report and/or failure to timely make Mr. Borison available for his deposition. First, plaintiff's counsel has explained that the depositions of the witnesses upon whose testimony Mr. Borison relied in forming his opinion were not taken until mid- to late March, and he did not have the deposition testimony to review until early April. Also, plaintiff's counsel has agreed to provide defense counsel with a list of dates when Mr. Borison will be available for his deposition.[4] Second, defendants do not argue, and the Court does not find, that defendants have been prejudiced by plaintiff's late production of Mr. Borison's expert report and/or

---

[4] R. Doc. 88 at p. 2.

failure to timely make Mr. Borison available for his deposition. Plaintiff produced the report to defendants on April 13, 2012, and defendants will have the opportunity to depose Mr. Borison prior to trial. Third, because there has been no prejudice to defendants in this case, a continuance is not necessary or appropriate. Finally, Mr. Borison's expert testimony regarding marine safety issues is significant to plaintiff's case. He is plaintiff's only liability expert, and defendants have their own liability expert, Paul Liberato.[5] Because the factors weigh against excluding Mr. Borison's testimony, the Court declines to strike Mr. Borison as a witness or award costs and attorney's fees to defendants.

Defendants have provided no legal support for their claim that Mr. Borison should be stricken as a witness because he failed to produce documents in response to defendants' subpoena by the return date of May 10, 2012. Plaintiff's counsel explained that Mr. Borison did not refuse to comply with the subpoena but simply needed additional time to produce the documents, as he uses a "paperless" home office and is not able to quickly make large reproductions of his files. Further, plaintiff's counsel produced a complete copy of Mr. Borison's file to defense counsel on May 18, 2012. In addition, plaintiff's counsel has agreed to produce to defense counsel any invoices that have been received from Mr. Borison by June 1, 2012.[6] For these reasons, the Court finds that Mr. Borison's failure to timely produce the documents does not provide grounds for striking Mr. Borison as a witness or awarding costs and attorney's fees to defendants.

---

[5] *See* R. Doc. 84 at pp. 29-30. The pretrial order states that Mr. Borison will testify regarding "the negligence of the crane operator and vessel crew" and "all issues of negligence, liability, dangerous acts, actions below the standard of care in the industry and all issues of negligence or liability on the part of the defendants as well as any alleged comparative fault on the part of plaintiff." R. Doc. 84 at pp. 8, 26. Mr. Liberato will testify "concerning practices and procedures for personnel basket transfers and expert opinions regarding the facts and circumstances surrounding Plaintiff's accident." *Id.* at pp. 29-30.

[6] *See* R. Doc. 88 at p. 2.

For the foregoing reasons, **IT IS ORDERED** that the motion be and hereby is **DENIED**.

New Orleans, Louisiana, this  1st  day of **June, 2012.**

                                        _____
                                        **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**